Myron ALLENSTEIN, as Administrator of the ESTATE OF Harold SMALL, Plaintiff,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.

No. CIV.A.02 G 0583 M.

United States District Court, N.D. Alabama, Middle Division.

March 13, 2006.

Myron K. Allenstein, Allenstein & Associates, Gadsden, AL, for Plaintiff.

Edward Q. Ragland, Alice H. Martin, US Attorney, US Attorney's Office, Bir-

mingham, AL, Deanna L. Sokolski, Social Security Administration, Atlanta, GA, for Defendant.

## MEMORANDUM OPINION

GUIN, District Judge.

Harold Small, brought this action seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying his application for Social Security Benefits. During the pendency of the appeal, Harold Small died, and Myron Allenstein, Administrator of the Estate of Harold Small, was substituted as plaintiff.

## DISCUSSION

This court remanded the action for further development of the record as to whether ALJ Jerome Munford "is generally biased against all Social Security claimants or against a particular class of claimants." (*Mem. Opinion* at 9, August 18, 2004.) The court observed that the record, as it then existed, did not compel an award of benefits. However, it also pointed out that a claim of ALJ bias was viable even if there was substantial evidence in the record supporting the Commissioner's decision, because a biased ALJ might not properly develop the record. (*Mem. Op.* at 4.)

On remand, the Appeals Council asked the plaintiff's attorney to submit any evidence favorable to the claimant that had not been developed by ALJ Munford prior to his denial of the plaintiff's claim. [Supp. Tr. 234] Plaintiff's attorney responded by letter dated September 20, 2005, stating: "I have no additional evidence to submit regarding that claim other than what is already in the record." [Supp. Tr. 237] Based upon the entire record, the court concludes that *in this particular case* there is no evidence tending to indicate that ALJ Munford failed to properly develop the record. In addition, after a careful review of the entire record, the court concludes that *in this particular case* substantial evidence supports the Commissioner's conclusion that ALJ Munford had no particular bias against the claimant, Mr. Small. In fact, plaintiff does not allege that ALJ Munford was biased against Mr. Small in particular. [Supp. Tr. 237 ("I do not allege that Judge Munford had particular bias against Mr. Small.")]

The court has reviewed a large number of decisions rendered by ALJ Munford and has often criticized the unfairness exhibited in his decisions. At the same time, the court has affirmed decisions rendered by ALJ Munford when the record showed the decision was proper. Upon initially reviewing the record in this, the court concluded that substantial evidence supported the ALJ's decision. However, because the plaintiff had asserted that ALJ Munford was biased against all claimants, the court remanded the action, noting that if the ALJ were biased he might not have properly developed the evidence. Since there is nothing to indicate that the record was not properly developed, the court concludes that the plaintiff's allegation of a generalized bias is irrelevant *in this particular case.*

Because substantial evidence supports the ALJ's decision, and there is no indication that the record was not properly developed, the decision of the Commissioner must be affirmed. Since the plaintiff's claim of generalized bias is irrelevant in this case, the court need not determine whether the Commissioner's finding on that issue is supported by substantial evidence. However, the court feels the need to comment on one of the Commissioner's arguments on remand. The Final Agency Decision on remand contains the following:

> Before reaching a conclusion that any decisionmaker is "generally biased," we must first be sure that there are not

other reasons for significant differences in outcomes, such as adjudicative errors caused by an incomplete understanding of our regulations . . . .

[Supp. Tr. 338] The court appreciates that an ALJ who has an "incomplete understanding" of the applicable law might make an erroneous decision because of that "incomplete understanding." However, if the same ALJ repeatedly renders erroneous decisions based upon a misapplication of the appropriate legal standards, it becomes increasingly difficult to ascribe the error to his "incomplete understanding." At some point only two logical conclusions are possible. Either, the ALJ is not competent because of an inability to understand and apply the proper legal standards, or the ALJ understands the proper legal standards but chooses not to apply them. In the case of the latter, bias against claimants is one explanation. It is hoped that as the court continues to review the decisions of ALJ Munford in appealed cases, erroneous decisions based upon the same repeated "incomplete understanding" of the law will become rare.

The court has considered the arguments contained in the plaintiff's Supplemental Memorandum Regarding Bias filed February 22, 2006, in reaching its decision. The motion to allow the filing of that memorandum is thus rendered moot.

An appropriate order will be entered contemporaneously herewith.

### FINAL ORDER

In conformity with and pursuant to the memorandum opinion entered contemporaneously herewith, it is

ORDERED, ADJUDGED and DECREED that the decision of the Commis-

sioner of the Social Security Administration be and it hereby is AFFIRMED.